IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARSHALL MARTINEZ, #A0712871, | ) | CIV. NO. 20-00331 SOM-WRP |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION |
| vs. | ) | AND DENYING CERTIFICATE OF |
| | ) | APPELABILITY |
| M. FRINK, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPELABILITY

Before the court is Petitioner Marshall Martinez's most recent petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2241. Martinez again challenges the legality of his sentence, imposed on January 27, 1988, in *State v. Martinez*, Cr. No. 7716(2) (Haw. 2d Cir. Ct. 1988). Martinez alleges that the Hawaii Paroling Authority ("HPA") violated his right to due process under the Fourteenth Amendment and state law when it relied on an allegedly invalid Arizona state conviction in *State v. Martinez*, Cr. No. 0000-104149 (Ariz. Super. Ct. 1979), to enhance his sentence and set his minimum term.

For the following reasons, the Petition is DISMISSED without prejudice as second or successive pursuant to 28 U.S.C. § 2244(a). Any request for a certificate of appealability is DENIED.

I. **DISCUSSION**

Martinez again argues that the "*Alford* plea,"[1] that he entered in *Martinez*, Cr. No. 0000-104149, was improperly used to enhance his 1988 Hawaii sentence in *Martinez*, Cr. No. 7716(2). He also apparently argues that the HPA improperly used Cr. No. 0000-104149 to determine his "minimum term," in Cr. No. 7716(2).[2]

First, because Martinez is challenging the validity of his sentence, rather than the manner of its execution, he must bring his claims in a § 2254 petition, rather than in a § 2241 petition. *See White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004) (concluding "that § 2254 is the exclusive avenue for a state court prisoner to challenge the constitutionality of his detention[.]"). Even if Martinez is challenging the execution of his sentence or the revocation of parole, and § 2241 is the proper vehicle, this court lacks jurisdiction to consider the petition because Martinez is incarcerated in Arizona, not Hawaii. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973) (holding that § 2241 petition must be brought in the district that has jurisdiction over the petitioner's custodian).

---

[1] In an *Alford* plea, the defendant technically does not acknowledge guilt but concedes there is sufficient evidence to support a conviction. *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970); *United States v. Mancinas-Flores*, 588 F.3d 677, 681 (9th Cir. 2009) (stating that an *Alford* plea is "shorthand for a guilty plea accompanied by a protestation of innocence").

[2] Martinez received a life term with the possibility of parole in Cr. No. 7716(2). *See* Pet. ECF No. 1 at #2. His reference to a "minimum term" apparently refers to the earliest date that he is eligible for parole consideration.

Second, Martinez has already filed many federal habeas petitions challenging his conviction and sentence in Cr. No. 7716(2).[3] At least one of these petitions was dismissed with prejudice on the merits. *See, e.g., Martinez v. Penarosa*, Civ. No. 1:96-cv-01208 ACK (D. Haw. 1997). The present Petition is therefore second or successive and this court is without jurisdiction to consider it without authorization from the Ninth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A); *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016) (holding failure to obtain appellate authorization for successive petition is jurisdictional).

Third, Martinez has argued for many years that the state court improperly relied on his *Alford* plea to enhance his sentence in Cr. No. 7716(2). *See, e.g.*, *Martinez v. Sumner*, Civ. No. 1:89-cv-00770 (D. Haw. 1989) (arguing *Alford* plea may not be used to enhance later sentence); *see also* Martinez v. Penarosa, Civ. No. 1:96-cv-01208 ACK (arguing *Alford* plea claim), and  Civ. No. 1:08-cv-00388 JMS (same). Martinez's *Alford* plea claim is not new. Nor does it rely on newly discovered evidence.

Finally, to the extent Martinez challenges the failure to release him when his "minimum term" expired, he fails to allege a cognizable federal habeas claim, because there is no

---

[3] *See, e.g., Martinez v. Thomas*, Civ. No.1:19-cv-00457-LEK (D. Haw. 2019) (dismissing as second or successive); *Martinez v. Thomas*, Civ. No. 1:19-cv-00251-DKW (D. Haw. 2019) (same); *Martinez v. State*, Civ. No. 1:17-cv-00184-JMS (D. Haw. 2017) (same).

constitutional right to be conditionally released before the expiration of a valid sentence. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011); *see Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (there is no federal constitutional right to parole). Consequently, there is no constitutional right to parole consideration. *See Lipsey v. Brown*, 2020 WL 2539192, at *4 (E.D. Cal. May 19, 2020); *Fernandez v. Nevada*, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009).

## II.  **CONCLUSION**

The Petition is second or successive, and this court may not consider it without authorization from the Ninth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A); *Rishor*, 822 F.3d at 490. This action is DISMISSED without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts.

The Clerk shall send a copy of the habeas petition and a copy of this Order to the Clerk of the U.S. Court of Appeals for the Ninth Circuit. The Clerk shall also provide Martinez with the form recommended by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

Any request for a certificate of appealability is DENIED, because "jurists of reason would" not "find it debatable" that this court lacks authority to consider the merits of this Petition. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 3, 2020.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Martinez v. Frink*, 1:20-cv-00331 SOM-WRP; ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPELABILITY;